UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES DOUGLAS,

        Plaintiff,

  vs.

R. S. MARQUEZ, et al.,

        Defendants.

No. C 07-5380 PJH (PR)

**ORDER FOR PLAINTIFF TO SHOW CAUSE**

This is a civil rights case filed pro se by a state prisoner. Venue is proper in this district because the events giving rise to the claim occurred at Pelican Bay State Prison, which is in this district, and defendants, who are prison employees, are probably to be found here. Plaintiff has been granted leave to proceed in forma pauperis.

## DISCUSSION

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B**   *Heck* **Issue**

Plaintiff has been "validated" as a gang member and thus assigned to the Security Housing Unit ("SHU"). He asserts that his constitutional rights were violated in a number of ways in the course of validating him and keeping him in the SHU through many reviews of his status.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.*

*Heck* has been applied beyond cases which involve a challenge to the fact of conviction or to the sentence as imposed by a court. For instance, it applies to disciplinary decisions that involve a loss of good time credits. *Sheldon v. Hundley*, 83 F.3d 231, 233

(8th Cir. 1996). It also applies to denial of parole, because that directly implicates the validity of the prisoner's continued confinement. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily implicate the validity of his sentence or the length of it; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the challenged decision has already been invalidated, in this situation probably by way of a successful state or federal habeas case *See Heck*, 512 U.S. at 487. Plaintiff alleges that placement in the SHU prevents him from being paroled, and it may be that a SHU classification affects the calculation of good-time credits. If so, it may be that success in this case would necessarily implicate the length of his sentence. Plaintiff therefore will be ordered to show cause why this case should not be dismissed pursuant to *Heck*.

## CONCLUSION

1. For the reasons set out above, plaintiff shall show cause within thirty days of the date this order is entered (the date the clerk has stamped on the first page) why the case should not be dismissed pursuant to *Heck*.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 17, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\DOUGLAS5380.OSC-P.wpd

3